UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAVIAR WILSON,  )
   Plaintiff,  )
     )
vs.  )   Case No. 21-2308
     )
ALFRED HARTMAN,  )
   Defendant  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Correctional Officer Alfred Hartman violated his constitutional rights at the Vermillion County Jail. Plaintiff says on November 25, 2021, Defendant Hartman was collecting food trays after breakfast. The Defendant became angry when Plaintiff and his cell mate's trays became stuck in the chuckhole. Defendant Hartman then picked up an apple off the tray and threw it, hitting the Plaintiff in his ribs as Plaintiff was laying on the bottom bunk. Plaintiff has not alleged any injury.

Assuming Plaintiff was a pretrial detainee at the time of the incident, the Fourteenth Amendment applies to his excessive force claim. *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019); *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "(A) pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. A showing of "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397, *quoting Graham v. Connor*, 490 U.S. 386, 396 (1989).

However, "an excessive force claim under the Fourteenth Amendment must involve more than *de minimis* force. Excessive force under the Fourteenth Amendment is 'force that amounts to punishment.'" *Davis v. Phillips*, 2012 WL 912857, at *5 (C.D. Ill. Mar. 16, 2012), *quoting Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). "*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim." *Jackson v. Stubenvoll*, 2022 WL 991950, at *3 (N.D.Ill. March 31, 2022)(internal citation omitted); *see also Graham*, 490 U.S. at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.").

There is no bright line rule to determine when the use of force is *de minimus*. Although a significant injury is not required, the lack of injury may reflect on the amount of force used. *See Wilkins v. Gaddy*, 559 U.S. 34, 36–37 (2010). A district court recently noted examples of "*de minimis* force failing to support an excessive force claim" in the Seventh Circuit included: "closing a cuffport door on an inmate's hand causing swelling and tenderness," "shoving inmate into doorframe once causing bruising on

back," and "pouring a bucket of water on prisoner causing the bucket to hit prisoner on head causing subsequent headaches." *Jackson,* 2022 WL 991950, at *4 (internal citations omitted). Meanwhile, examples of force which were found to be greater than *de minimus* and supported a claim of excessive force included: "punching a prisoner with a closed fist," "using a taser gun against prisoner after prisoner refused to get out of bed," and "punching, kicking, kneeing, choking, and body slamming without provocation, causing bruised heel, back pain, and other injuries." *Id.* (internal citations omitted).

While Defendant Hartman's alleged conduct was unprofessional and certainly not commendable, Plaintiff's claim involves a *de minimus* use of force which does not rise to the level of a constitutional violation.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. (Mot. Atty., [4]).

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 8th day of April, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE